UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:12-CR-0360-B-1 |
| | § | |
| CHRISTIAN JAMES GIESEKE, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Christian Gieseke's Motion for Compassionate Release and Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 76). For the reasons that follow, the motion is **DENIED WITHOUT PREJUDICE**.

## I.

## BACKGROUND

On March 20, 2014, the Court sentenced Gieseke to 240 months of imprisonment and ten years of supervised release after he pleaded guilty to receipt of child pornography. Doc. 60, J., 1–3. Gieseke is currently forty-six years old and is confined at Texarkana Federal Correctional Institution (FCI) with a statutory release date of June 22, 2029.[1] As of February 8, 2021, Texarkana FCI has seven active cases of COVID-19 among its inmates and 678 recovered cases.[2] Gieseke filed a motion

---

[1] The Bureau of Prisons (BOP)'s inmate locator is available at https://www.bop.gov/inmateloc/ (last accessed February 8, 2021).

[2] The BOP's COVID-19 statistics are available at https://www.bop.gov/coronavirus/ (last accessed February 8, 2021).

for compassionate release (Doc. 76) on December 10, 2020. The Government filed a response (Doc. 79) to Gieseke's motion on January 5, 2021, and Gieseke filed a reply (Doc. 80) on February 2, 2021.[3] The motion is ripe for review.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

## III.

## ANALYSIS

As explained below, Gieseke's request for compassionate release fails because he has not demonstrated extraordinary and compelling reasons for a sentence reduction and because the § 3553(a) factors weigh against his release.

---

[3] The Court permits reply briefs in criminal cases only upon granting a motion for leave to file a reply brief. *See* N.D. Tex. Local Crim. R. 47.1(f). To expedite the resolution of the merits of Gieseke's motion, the Court will liberally construe his reply brief as a motion for leave to file a reply brief. The Court grants Gieseke leave to file the reply brief and thus considers it below.

A.     *Gieseke Exhausted His Administrative Remedies.*

Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A).[4]

In support of his motion, Gieseke provides a copy of the request for compassionate release he sent the warden, dated April 5, 2020, as well as the response denying his request. Doc. 76, Def.'s Mot., Ex. D. He also provides a letter from the warden dated June 8, 2020, denying Gieseke's "Request for Administrative Remedy dated May 28, 2020[.]" *Id.* Therefore, the Court finds—and the Government does not dispute, Doc. 79, Gov't's Resp., 4—that more than thirty days have lapsed between the warden's receipt of Gieseke's request for compassionate release and the filing of his motion. Thus, Gieseke has satisfied the exhaustion requirement under § 3582. *See Ezukanma*, 2020 WL 4569067, at *2–5. Having determined that Gieseke satisfied the exhaustion requirement, the Court turns to the merits of his compassionate-release motion.

B.     *Gieseke Has Not Shown Extraordinary and Compelling Reasons for Compassionate Release.*

Even though Gieseke has exhausted his administrative remedies, he has not shown "extraordinary and compelling reasons" justifying a sentence reduction. *See* § 3582(c)(1)(A)(i). The policy statement applicable here—U.S.S.G. § 1B1.13—"sets forth three circumstances that are

---

[4] The Court has clarified its interpretation of the thirty-day prong of the exhaustion requirement. *See United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concludes that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of his compassionate-release request—irrespective of a denial. *See id.* at *5.

considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, —F. Supp. 3d—, 2020 WL 1540325, at *1 (S.D. Tex. 2020) (citing § 1B1.13(1)(A) cmt. n.1). These include the defendant's medical condition, age, and family circumstances. *See* § 1B1.13(1)(A) cmt. n.1.[5] In particular, extraordinary and compelling circumstances may exist if the defendant "suffer[s] from a serious physical or medical condition . . . that substantially diminishes [his] ability . . . to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." *Id.*

Since the enactment of the First Step Act, district courts in the Fifth Circuit have held that § 1B1.13 is not binding. *See United States v. Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11 (N.D. Tex. Apr. 23, 2020); *United States v. Gonzales*, 2019 WL 5102742, at *2–3 (W.D. Tex. Oct. 10, 2019).[6] These courts "consider[] the terms of U.S.S.G. § 1B1.13 while exercising [their] discretion to determine whether the defendant presents an extraordinary and compelling reason for compassionate release." *United States v. Heitman*, 2020 WL 3163188, at *3 (N.D. Tex. June 12, 2020) (citing *Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11).

The Court does the same here. Gieseke asserts that compassionate release is warranted "due to . . . underlying unique medical conditions" that "make him highly susceptible to a more severe COVID-19 infection and consequently a substantially increased risk of severe bodily injury and/or

---

[5] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with" the three circumstances set forth above, "[a]s determined by the Director of the [BOP]." § 1B1.13 cmt. n.1(D). Additionally, to qualify for a sentence reduction, the defendant must not pose a danger to the community. § 1B1.13(2).

[6] Additionally, the Fifth Circuit recently noted that the commentary of § 1B1.13 is "not dispositive" but "guid[ing]." *United States v. Rivas*, —F. App'x—, 2020 WL 6437288, at *2 (5th Cir. 2020) (per curiam).

death." Doc. 76, Def.'s Mot., 4. Gieseke claims to suffer from chronic obstructive pulmonary disease (COPD), idiopathic spontaneous alveolar hemorrhage (sudden lung hemorrhage), multiple spontaneous pnuemothoraces (collapsed lung), emphysema, hypertension, hyperlipidemia, pre-diabetes, and psoriasis. *Id.* at 2. He also claims that "it is impossible for an inmate in this prison environment to practice 'social distancing' to protect oneself." *Id.* at 4.

First, Gieseke's medical conditions do not constitute extraordinary and compelling reasons for his release. As the Government points out, only "one of [Gieseke's] conditions—COPD—is a medical condition that, per CDC guidance, increases the risk of severe illness" in the event of a COVID-19 infection. Doc. 79, Gov't's Resp., 11. But Gieseke has not been diagnosed with COPD. Instead, his medical records show a diagnosis of "[i]nterstitial pulmonary disease, unspecified[.]" Doc. 76, Def.'s Mot., Ex. A, 4. Gieseke states that "[t]his is the same general diagnos[i]s" as COPD but offers no evidence to support that claim. Doc. 80, Def.'s Reply, 2. Instead, he merely claims that he has a family history of COPD and has been informed by respiratory specialists that he "more than likely ha[s] COPD." Doc. 76, Def.'s Mot., 4, 18. These claims do not establish that Gieseke suffers from COPD, and his medical records do not reflect any COPD diagnosis. Accordingly, the Court finds that Gieseke has not established that he suffers from COPD.

Regardless, Gieseke has not shown that his alleged COPD, or any other condition from which he claims to suffer, "substantially diminishes [his] ability . . . to provide self-care" in prison. *See* § 1B1.13(1)(A) cmt. n.1. As Gieseke explains, he "has been prescribed an emergency rescue inhaler" and medication for interstitial pulmonary disease. Doc. 80, Def.'s Reply, 2. Concerning his other conditions, Gieseke's medical records indicate that he regularly receives treatment and medication at Texarkana FCI. *See generally* Doc. 76, Def.'s Mot., Ex. A.  Regarding Gieske's collapsed lung, the

Court does not find this condition constitutes a compelling and extraordinary reason for his release. As the Government points out, "Gieseke reported that he had had several surgeries to correct the problem and at the time the [presentence report] was written, Gieseke 'advised he made a full recovery.'" Doc. 79, Gov't's Resp., 2 (citation omitted). Gieseke's medical records do not indicate any complications resulting from this condition. *See generally* Doc. 76, Def.'s Mot., Ex. A. While the Court does not discount the severity of Gieseke's conditions or the discomfort that these conditions may cause him, Gieseke has not shown that his treatment at Texarkana FCI is inadequate or that he is otherwise diminished in his ability to provide self-care. Moreover, as the Government points out, Gieseke "recently contracted COVID-19 and recovered without incident[.]" Doc. 79, Gov't's Resp., 12 (citing *id.*, Ex. 1, 3). Accordingly, the Court finds that Gieseke's medical conditions do not constitute extraordinary and compelling reasons for his release.

Insofar as Gieseke complains of the spread of COVID-19 within Texarkana FCI and the inability to adequately "practice 'social distancing,'" these are not extraordinary and compelling reasons for release. Doc. 76, Def.'s Mot., 4–5. While the Court recognizes the unprecedented nature of COVID-19 and the outbreak of the virus in federal prisons across the country, generalized concerns about the spread of COVID-19 within Texarkana FCI do not give rise to extraordinary and compelling reasons for release. Rather, "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements" about, for example, the propriety of incarceration for all inmates at Texarkana FCI. *United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020); *see United States v. Vargas*, 2020 WL 4530429, at *3 (N.D. Tex. Aug. 6, 2020). Therefore, the Court considers this circumstance as it specifically concerns Gieseke. As previously discussed, Gieseke has not shown that he is physically unstable or that Texarkana FCI is

unable to provide adequate care. And the mere presence of COVID-19 at Texarkana FCI is not an extraordinary and compelling reason for compassionate release. Because Gieseke fails to demonstrate extraordinary and compelling reasons for release, the Court **DENIES** his motion for compassionate release **WITHOUT PREJUDICE**.

C.    *The Section 3553(a) Factors Weigh Against Release.*

Finally, even if Gieseke demonstrated extraordinary and compelling reasons warranting release, the Court must consider the sentencing factors set forth in § 3553(a) to the extent they are applicable. § 3582(c)(1)(A). And the Court is not persuaded that these factors support Gieseke's request.

Section 3553(a) requires the Court to consider whether a sentence "reflect[s] the seriousness of the offense," "promote[s] respect for the law," and "provide[s] just punishment for the offense[.]" § 3553(a)(2)(A). Gieseke was convicted of receipt of child pornography. Doc. 60, J., 1. At the sentencing hearing, the Court noted that Gieseke's crimes "are some of the most serious offenses in our system." Doc. 67, Redacted Tr., 74. After "considering all of the [§] 3553 factors," the Court found that 240 months of imprisonment was "the fairest sentence" appropriate to serve the goals of § 3553. *Id.* at 75; *see* Doc. 60, J., 2.

The Court's finding remains unchanged. With a statutory release date of June 22, 2029, approximately one hundred months of Gieseke's sentence remain to be served. Compassionate release in this case would not "reflect the seriousness of the offense," "promote respect for the law," or "provide just punishment for the offense[.]" § 3553(a)(2)(A); *see also United States v. Thompson*, 984 F.3d 431, 434 (5th Cir. 2021) (noting that compassionate release is generally granted only "for defendants who had already served the lion's share of their sentences"). The § 3553(a) factors thus

weigh against Gieseke's release. This is an independent justification for denying his motion.

## IV.

## CONCLUSION

Gieseke's request for compassionate release fails because he has not demonstrated extraordinary and compelling reasons for compassionate release, and the § 3553(a) factors weigh against his release. For those reasons, the Court **DENIES** Gieseke's motion (Doc. 76) **WITHOUT PREJUDICE**.

By denying Gieseke's motion without prejudice, the Court permits Gieseke to file a subsequent motion for compassionate release in the event he demonstrates a change in circumstances rising to the level of extraordinary and compelling, satisfies the exhaustion requirement with respect to those circumstances, and shows that the § 3553(a) factors support his release.

SO ORDERED.

SIGNED: February 16, 2021.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE