UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:12-CR-0360-B-1 |
| | § | |
| CHRISTIAN JAMES GIESEKE, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Christian James Gieseke's Emergency Motion for Compassionate Release and/or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 83). For the reasons set forth below, the Court **DENIES** Gieseke's motion **WITHOUT PREJUDICE**.

## I.

## BACKGROUND

On March 20, 2014, the Court sentenced Gieseke to 240 months of imprisonment and ten years of supervised release after he pleaded guilty to receipt of child pornography. Doc. 60, J., 1–3. Gieseke, who is now forty-seven years old, is serving his sentence at Texarkana Federal Correctional Institution (FCI). His scheduled statutory release date is June 22, 2029.[1] As of August 6, 2021,

---

[1] The Court derives this information from the Bureau of Prisons (BOP)'s Inmate Locator, available at https://www.bop.gov/inmateloc/ (last accessed August 6, 2021).

Texarkana FCI reports seventy-six active and 622 recovered cases of COVID-19 among its inmates.[2] On February 16, 2021, the Court denied Gieseke's previous motion for compassionate release (Doc. 76) without prejudice. Doc. 81, Mem. Op. & Order, 8. On July 28, 2021, Gieseke filed a second motion for compassionate release (Doc. 83)—the present motion. The Court reviews the present motion below.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)).

## III.

## ANALYSIS

As explained below, the Court denies Gieseke's request for compassionate release because Gieseke has not provided proof of exhaustion, demonstrated extraordinary and compelling circumstances, or established that the § 3553(a) factors weigh in favor of his release.

---

[2] The Court derives this information from the BOP's COVID-19 webpage, available at https://www.bop.gov/coronavirus/ (last accessed August 6, 2021).

A.      *Gieseke Has Not Demonstrated Proof of Exhaustion.*

Gieseke's motion for compassionate release fails because he has not demonstrated proof of the exhaustion requirement. Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A).[3]

Gieseke claims that he "has exhausted all administrative remedies." Doc. 83, Def.'s Mot., 5. Particularly, he states that he "resubmitted his application for compassionate release" to the warden "on April 24, 2021." *Id.* Gieseke provides a copy of this request. Doc. 87, Def.'s Suppl., 62 (Ex. M). Notably, however, Gieseke does not provide proof of *receipt* of his request by the warden of his facility. *See generally id.* Because § 3582(c)(1)(A) requires "receipt" of a compassionate-release request "by the warden of the defendant's facility," the request that Gieseke has submitted is insufficient to prove exhaustion. *See United States v. Ware*, 2021 WL 1662497, at *2 (N.D. Tex. Apr. 28, 2021) (noting the insufficiency of an inmate request form that "b[ore] no staff signatures at all, let alone the signature of the warden reflecting receipt"). Accordingly, Gieseke has not proved compliance with the § 3582 exhaustion requirement, and his motion is **DENIED**.

_____

[3] The Court clarified its interpretation of the thirty-day prong of the exhaustion requirement in *United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concluded that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of his compassionate-release request—irrespective of a denial. *See id.* at *5.

B.      *Gieseke Has Not Shown Extraordinary and Compelling Reasons for Compassionate Release.*

Regardless of whether Gieseke exhausted his administrative remedies, he has not shown "extraordinary and compelling reasons" warranting compassionate release. *See* § 3582(c)(1)(A)(i). Section 3582(c)(1)(A)(i) does not define the "extraordinary and compelling reasons" that may merit compassionate release. *See generally id.* Rather, Congress "delegated that authority to the Sentencing Commission" and directed it to "promulgate general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021) (citations, quotation marks, and alterations omitted).

Prior to the passage of the First Step Act, the Sentencing Commission issued a policy statement—U.S.S.G. § 1B1.13—that "sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. n.1). These include the defendant's medical condition, age, and family situation. *See* § 1B1.13(1)(A) & cmt. n.1.[4] However, since the Court's Order denying Gieseke's first motion for compassionate release, the Fifth Circuit has held that § 1B1.13 applies only to motions filed by "the Director of the [BOP]" and thus does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 993 F.3d at 393 (citing § 1B1.13). The Court reviews Gieseke's new motion in light of *Shkambi*'s holding.

_____

[4] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP.]" § 1B1.13(1)(A) cmt. n.1.

While not binding, § 1B1.13 and its commentary nonetheless inform the Court's analysis of whether an inmate has shown extraordinary and compelling reasons for compassionate release. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although not dispositive, the commentary to . . . § 1B1.13 informs [the Court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."); *United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (per curium) (noting that U.S.S.G. § 1B1.13 is "not dispositive" but "guid[ing]"); *United States v. Contreras*, 2021 WL 1536504, at *4 (E.D. Tex. Apr. 19, 2021) (finding § 1B1.13 informative in evaluating a prisoner's motion in light of *Shkambi*'s holding). In its discretion, the Court concludes that Gieseke has not demonstrated "extraordinary and compelling reasons" warranting compassionate release. *See* § 3582(c)(1)(A).

As it did in its prior Order, the Court addresses Gieseke's general concerns about the conditions at Texarkana FCI and the COVID-19 pandemic. *See* Doc. 81, Mem. Op. & Order, 6–7. Insofar as Gieseke complains of general conditions such as "the poor living conditions, overcrowding, and the recent outbreak of the highly contagious COVID-19, and variants," Doc. 83, Def.'s Mot., 12, those concerns do not give rise to extraordinary and compelling reasons for his release. As it previously stated, the Court recognizes the unprecedented nature of COVID-19 and the outbreak of the virus and its variants within federal prisons. Doc. 81, Mem. Op. & Order, 6. However, generalized concerns about the spread of COVID-19 and variants at Texarkana FCI do not give rise to extraordinary and compelling reasons for Gieseke's release. Rather, "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements" about, for example, the propriety of incarceration for all inmates at a given facility. *See United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020).

Regarding Gieseke's individual circumstances, Gieseke states that "[h]e suffers from C.O.P.D. . . . , Obesity . . . , Ideopathic Spontaneous Alveolar Hemorrhage . . . , Multiple Spontaneous Pnuemothoraces . . . , Emphysema, Hypertension . . . , Hyperlipidemia . . . , Pre-Diabetes, Reduced Immune Function . . . , and Pulmonary Disease[.]" Doc. 83, Def.'s Mot., 2. These conditions, Gieseke argues, place him at a "450 times greater risk of serious injury or death should he contract COVID-19[.]" *Id.* at 2–3. While Gieseke provides medical records to substantiate many of his alleged conditions, *see generally* Doc. 87, Def.'s Suppl., 9–14 (Ex. A), his conditions do not constitute extraordinary and compelling reasons for his release.

To start, Gieseke's conditions do not, by themselves, constitute extraordinary and compelling reasons for granting his request. As explained, "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements[.]" *Delgado*, 2020 WL 2542624, at *3. Thus, this Court generally requires evidence beyond mere diagnoses, demonstrating that medical conditions warrant that inmate's release. *See, e.g., id.* (organ transplants); *United States v. Long*, 2021 WL 949757, at *2 (N.D. Tex. Mar. 12, 2021) ("chronic obstructive lung disease, asthma, obstructive sleep apnea, benign hypertension, allergic rhinitis, obesity, arthropathy, and hepatitis C"); *United States v. Isidaehomen*, 2020 WL 5801411, at *3 (N.D. Tex. Sept. 29, 2020) ("type II diabetes mellitus, hypertension, shortness of breath, thyroid disorder, anemia, unspecified hemorrhoids, pain in unspecified joint, acute sinusitis, allergic rhinitis, hypermetropia, unspecified glaucoma, unspecified polyneuropathy, and anxiety" (alterations incorporated)). To base compassionate release on an inmate's diagnoses, alone, would amount to a disfavored "blanket pronouncement[.]" *See Delgado*, 2020 WL 2542624, at *3.

As discussed, the Court exercises its discretion to determine whether a prisoner's motion

demonstrates extraordinary and compelling reasons for release, but it is "guided in [its] analysis by the commentary" to § 1B1.13. *Rivas*, 833 F. App'x at 558. And indeed, the commentary describes situations where compassionate release may be appropriate. For example, medical conditions of the defendant may warrant compassionate release where "[t]he defendant is suffering from a terminal illness" or "suffering from a serious . . . condition, . . . impairment, or . . . deteriorating physical or mental health because of the aging process . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover. " § 1B1.13(1)(A) cmt. n.1(A). While not binding, this commentary is informative as to when circumstances rise to the level of extraordinary and compelling. The Court does not require the exact scenarios described in the commentary to § 1B1.13. However, the Court does require an "extraordinary and compelling" circumstance to involve a comparable degree of necessity and urgency warranting the defendant's immediate release.

Accordingly, the Court considers not only Gieseke's diagnoses, but also the severity of his medical conditions and his ability to manage his health while incarcerated. *See Isidaehomen*, 2021 WL 243458, at *3. And Gieseke has not shown that his treatment at Texarkana FCI is inadequate or that he is otherwise diminished in his ability to provide self-care while incarcerated. *See generally* Doc. 83, Def.'s Mot. To the contrary, and as the Court previously found, "Gieseke's medical records indicate that he regularly receives treatment and medication at Texarkana FCI." Doc. 81, Mem. Op. & Order, 5; *see generally* Doc. 87, Def.'s Suppl., 9–14 (Ex. A). Indeed, Gieseke states that "[t]he BOP facility doctors[] diagnosed his conditions and he is currently on eight (8) different medications." Doc. 83, Def.'s Mot. 10. He also states that he receives "regular monitoring by staff" and "undergoes breathing treatments for his breathing complications." *Id.* at 11. Thus, while the

Court does not discount the discomfort Gieseke endures as a result of his conditions, there is no indication that Gieseke will receive better care for his conditions if released form Texarkana FCI or that his conditions involve degrees of necessity and urgency such that his immediate release is warranted. *See United States v. Rangel-Sandoval*, 2021 WL 2580502, at *4 (N.D. Tex. June 23, 2021). Thus, in its discretion, the Court finds that Gieseke's medical conditions do not constitute extraordinary and compelling reasons justifying compassionate release.

Overall, there is nothing before the Court indicating that Gieseke's circumstances rise to the level of extraordinary and compelling. In the Court's discretion, the Court **DENIES** Gieseke's motion.

C.      *The § 3553(a) Factors Weigh Against Release.*

Finally, even if Gieseke demonstrated extraordinary and compelling circumstances, the Court must consider the sentencing factors set forth in § 3553 to the extent they are applicable. § 3582(c)(1)(A). Section 3553 requires the Court to consider, among other things, whether a sentence "reflect[s] the seriousness of the offense," "promote[s] respect for the law," and "provide[s] just punishment for the offense[.]" § 3553(a)(2)(A). Gieseke argues that "[w]hile a term of 240 months may have been more than reasonable at the time of Gieseke's sentencing, new and extenuating circumstances make continue[d] imprisonment unnecessarily hazardous and severe[.]" Doc. 83, Def.'s Mot., 3. The Court disagrees.

Gieseke pleaded guilty to Count One of the Superseding Information, Doc. 60, J., 1, which charged him with "knowingly receiv[ing] child pornography . . . by downloading to and viewing on his . . . laptop computer . . . visual depictions of minors engaged in sexually explicit conduct[.]" Doc. 41, Superseding Information, 1. At the sentencing hearing, the Court noted that Gieseke's

"horrendous behavior" constituted "an offense that is of the highest concern to our society." Doc. 67, Redacted Tr., 75:9–10, 18. After "considering all of the [§] 3553 factors," the Court found that 240 months of imprisonment was "the fairest sentence" appropriate to serve the goals of § 3553. *Id.* at 75:22–24; *see* Doc. 60, J., 2.

The Court's finding on this matter remains unchanged. With a statutory release date of June 22, 2029, a significant portion—approximately ninety-four months—of Gieseke's sentence remain to be served. Compassionate release in this case would not "reflect the seriousness of the offense," "promote respect for the law," or "provide just punishment for the offense[.]" § 3553(a)(2)(A); *see also Thompson*, 984 F.3d at 434 (noting that compassionate release is generally granted only for defendants "who had already served the lion's share of their sentences"). In sum, the § 3553(a) factors thus weigh against Gieseke's release. This is an independent justification to deny his motion.

## IV.

## CONCLUSION

Gieseke's request for compassionate release under § 3582(c)(1)(A) fails because he has not proved exhaustion or shown extraordinary and compelling reasons for compassionate release, and the § 3553(a) factors weigh against his release. For these reasons, the Court **DENIES** Gieseke's motion (Doc. 83) **WITHOUT PREJUDICE**.

By denying Gieseke's motion without prejudice, the Court permits Gieseke to file a subsequent motion for compassionate release in the event he demonstrates a change in circumstances rising to the level of extraordinary and compelling, satisfies the exhaustion requirement with respect to those circumstances, and shows that the § 3553(a) factors support his request.

SO ORDERED.

SIGNED: August 6, 2021.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE